STATE OF NEBRASKA, APPELLEE, v. MERLE W. BURNSIDE, APPELLANT.

146 N. W. 2d 754

Filed December 2, 1966. No. 36288.

Merle W. Burnside, pro se.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

WHITE, C. J.

This is a post conviction proceeding under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1965.

On September 22, 1960, defendant was convicted by a jury of the crime of robbery under section 28-414, R. R. S. 1943. The information also contained a count, under the habitual criminal statute, section 29-2221, R. R. S. 1943. On November 3, 1960, at a hearing, the district court found that the defendant was guilty as charged and that he was a habitual criminal and sentenced him to 15 years in the Nebraska State Penitentiary. No appeal was taken. Under the post conviction statute, the court appointed counsel and the defendant filed an amended motion on October 8, 1965, which alleged that the defendant was illegally sentenced under the habitual criminal statute, section 29-2221, R. R. S. 1943. On Jan-

uary 7, 1966, the district court held a hearing on this motion and evidence was introduced. The habitual criminal act provides for a penalty from 10 to 20 years. It expressly provides that it shall not apply where a greater punishment is otherwise provided by the statute defining the offense committed. The punishment for the crime of robbery is a sentence of from 3 to 50 years. § 28-414, R. R. S. 1943. The district court held that the prayer of the amended motion should be granted and that the defendant had been erroneously sentenced under the habitual criminal act. It set aside the previous sentence and sentenced the defendant to the Nebraska Penal and Correctional Complex "for a period of 15 years with sentence to run from Nov. 3, 1960." The defendant appeals.

Defendant claims error in that he was denied counsel in this appeal. Under the statute, section 29-3004, R. S. Supp., 1965, it is discretionary with the district court as to whether an attorney shall be appointed to represent a defendant on appeal. A defendant has no constitutional right to the appointment of counsel in a post conviction proceeding. Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, relates only to the question as to the right to counsel on his first appeal from an original conviction of the crime charged. The federal courts have long held that a defendant is not entitled as a matter of right to counsel in habeas corpus proceedings or in proceedings on motions to vacate a judgment of conviction. Madison v. Tahash, 249 F. Supp. 600; Jackson v. United States, 221 F. Supp. 755; 28 U. S. C. A., §§ 1915, 2255, pp. 333, 563; Eskridge v. Rhay, 345 F. 2d 778; Hatfield v. Bailleaux, 290 F. 2d 632. We point out further that the defendant was granted the relief that he asked for in the district court. Under these circumstances, there was clearly no abuse of discretion by the district court in failing to appoint counsel on appeal. There is no merit to this contention.

It is difficult to follow the other contentions of the

defendant. He argues at length as to the erroneousness of the original sentence because it was based upon a finding that he was a habitual criminal. He seems to contend that because the original sentence was erroneous, having contained a finding that he was a habitual criminal, therefore the conviction on the criminal count of robbery was invalidated. We assume, for the purposes of this case, that the original sentence on the finding that the defendant was a habitual criminal is erroneous. But, the finding that the defendant is a habitual criminal does not constitute conviction and sentence for any separate offense. This charge and information merely permitted the court to inflict a greater penalty because of the defendant's previous convictions. Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82. Defendant was tried and convicted by a jury for the offense of robbery. His motion does not allege that he was deprived of any constitutional rights up to the time of his trial and conviction. His main contention relates to the erroneousness of his sentence. We have repeatedly held that an unauthorized or erroneous sentence does not void a lawful conviction. Kennedy v. State, 171 Neb. 160, 105 N. W. 2d 710; Haswell v. State, 167 Neb. 169, 92 N. W. 2d 161. We find no merit in the defendant's contention.

The record here shows that the most the defendant was entitled to was a vacation of the original sentence and a resentence on the count of robbery for which he was properly tried and convicted. This relief he was granted. The new sentence was for the same period of time as the original sentence and began on the same date, November 3, 1960. The defendant is simply dissatisfied with the length of this sentence. But, it is clear that the new sentence was within the limits of the statutory penalty of from 3 to 50 years for the crime charged and is a valid sentence. The record fails to reveal any abuse of discretion in the imposition of the new sentence.

The judgment of the district court is correct and is affirmed.

AFFIRMED.