No. 166.  SIGLER, WARDEN *v.* LOSIEAU.  C. A. 8th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted.  Certiorari denied.  *Clarence A. H. Meyer,* Attorney General of Nebraska, and *Melvin Kent Kammerlohr,* Assistant Attorney General, for petitioner.

MR. CHIEF JUSTICE BURGER, with whom MR. JUSTICE STEWART joins, dissenting.

I would grant certiorari and summarily reverse.  The United States Court of Appeals for the Eighth Circuit has erroneously interpreted the decision of this Court in *Burgett* v. *Texas,* 389 U. S. 109 (1967), and also has effectively overruled the Nebraska Supreme Court on a question of state law—the interpretation of Nebraska's Habitual Criminal Act.

Losieau was convicted of burglary in 1952.  Under Nebraska practice, after the jury had made the guilty finding, the trial court held a hearing outside the jury's presence to determine whether or not the penalty for burglary should be enhanced under the Nebraska Habitual Criminal Act, Neb. Rev. Stat. § 29–2221 (1964 Reissue).  A 1945 conviction for stealing a car was one of the prior convictions alleged, and the trial court found it and another conviction to be valid for enhancement purposes.  Losieau was given a 20-year sentence.  He then brought unsuccessful state post-conviction actions, contending that the 1952 sentence was invalid because he was denied counsel (1) when he pleaded guilty to the 1945 charge and (2) when he was thereafter sentenced to a prison term of three years for the

conviction based on the charge. Thereafter Losieau sought habeas corpus on a claim before the United States District Court for the District of Nebraska that he had been denied counsel at the 1945 proceedings in the state court. The federal court denied relief after hearing, finding that Losieau had been represented by counsel when he actually pleaded guilty to the auto theft charge in 1945. It also held that the validity of the 1945 sentence and the underlying issue of lack of counsel at sentencing one day following the plea were irrelevant, noting that any defect in sentencing would not affect the validity of the *conviction,* and observing that under Nebraska law it was solely the validity of the conviction, not the sentence, which was important. On appeal, the Eighth Circuit reversed, deciding that, because the Nebraska Habitual Criminal Act applied where a defendant had been twice previously "convicted of crime, sentenced and committed to prison," *Burgett* required that the sentence also be valid to give effect to the right to counsel at sentencing in 1945.

The Nebraska Habitual Criminal Act, Neb. Rev. Stat. § 29–2221 (1964 Reissue), provides in part:

> "(1) Whoever has been twice convicted of crime, sentenced and committed to prison, . . . for terms of not less than one year each, shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal . . . ."

The Supreme Court of Nebraska has indicated that "an unauthorized or erroneous sentence does not void a lawful conviction" for the purposes of § 29–2221. *Kennedy* v. *State,* 171 Neb. 160, 176, 105 N. W. 2d 710, 721 (1960). See also *State* v. *Burnside,* 181 Neb. 20, 146 N. W. 2d 754 (1966), cert. denied, 387 U. S. 936 (1967); *Haswell* v. *State,* 167 Neb. 169, 92 N. W. 2d 161 (1958).

*Burgett* v. *Texas, supra,* held that a conviction obtained in violation of *Gideon* v. *Wainwright,* 372 U. S.

335 (1963), could not be used "to support guilt or enhance punishment for another offense . . ." (389 U. S., at 115), because such use would be giving renewed effect to the denial of Sixth and Fourteenth Amendment rights. *Burgett* did not require the Eighth Circuit to reinterpret Nebraska's § 29–2221 to require that a sentence as well as a conviction be validly entered.