506 P.2d 122

The STATE of Idaho, Plaintiff-Appellant,

v.

James L. BERLIN, Defendant-Respondent.

No. 10983.

Supreme Court of Idaho.

Feb. 9, 1973.

Frank W. Stoppello, Boise, for plaintiff-appellant.

John Runft, Boise, for defendant-respondent.

BAKES, Justice.

This is an appeal from an order of the district court acquitting the defendant-respondent James L. Berlin of the crime of disorderly conduct for which he was found guilty in the Boise Municipal Court. An appeal was taken from that conviction in the municipal court to the district court and the case was submitted to the district judge sitting without a jury upon the transcript of the evidence and the pleadings before the Boise Municipal Court. The district court, in a trial de novo based upon that record, entered an order acquitting the defendant of the crime of disorderly conduct. The State of Idaho, acting through the Boise City Prosecuting Attorney, has filed an appeal on questions of law raised by the memorandum opinion and order of the district court. The defendant-respondent filed a motion to dismiss the appeal on the grounds that the State of Idaho has no authority to appeal such an order granting acquittal.

A brief statement of the facts disclosed by the record shows that on the evening of April 18, 1970, the defendant-respondent left his home to walk to his downtown law office. He apparently spent some time there and then had three or four drinks at

a local bar before he proceeded home on foot, travelling along Capitol Boulevard. Defendant-respondent was observed by two police officers in a police car who testified that he was "walking, jogging, hopping and skipping" along the sidewalk in the Julia Davis Park area. Apparently because of a medical condition respondent regularly exercises by walking and jogging to and from his office. According to the officers, respondent at one time stepped off the curb, causing traffic on Capitol Boulevard to swerve and it was at this point that the officers decided to stop respondent. According to the district court's memorandum decision and order:

"One officer got out of his car and went up to the defendant, stopped the defendant's progress by standing in front of him and asked the defendant a question approximately as follows:

" 'Where are you headed for?'

"The defendant replied as follows:

" 'I am going home up on Norcrest.'

"The officer then asked the defendant if he had been drinking. The defendant replied that he had. The officer then asked the defendant for his driver's license in language purportedly as follows:

" 'OK. Come on, give me your driver's license.'

"The defendant's response to this request was in the negative."

The defendant in making his negative response directed certain vulgar invective at the police officers. The defendant was immediately arrested by the officer on a charge, as stated by the officer, of "drunk and disorderly." There were no other persons present at the time of the incident.

The transcript discloses that respondent was charged before the municipal court with two crimes, drunk in public and disorderly conduct. At the trial in municipal court respondent was acquitted of the charge of being drunk in public, but was found guilty of disorderly conduct and fined $25. In making the finding of guilty

on the charge of disorderly conduct, the municipal judge remarked as follows:

" . . . as to the charge of disorderly conduct, Mr. Berlin by his own admission indicated that he used what I term to be abusive and obscene terms in public to a police officer in the discharge of his duty before an arrest was made, a five-letter word depicting the sex act and for that reason I find him guilty of that charge." (Clk. Tr., p. 11).

Respondent appealed the disorderly conduct conviction to the District Court of the Fourth Judicial District. By stipulation of counsel, the matter was submitted to the district court for decision upon the transcript of the proceedings in the municipal court and briefs of counsel. The district court acquitted respondent on the ground that a police officer should be able to stand more invective than the average person; and that the use of a single vulgar sentence should not be the basis of a disorderly conduct charge where no other persons were present.

The Boise City Prosecuting Attorney filed an appeal to this Court from the district court's memorandum decision and order of acquittal, and while acknowledging that the district court's acquittal of the defendant precludes any further criminal proceedings against him, nevertheless requests an opinion from this Court, advisory in nature, regarding the district court's interpretation of the constitutional right of free speech as it applies to the alleged disorderly conduct here in question.

The respondent's motion to dismiss the appeal raises the question of this Court considering appeals by the State of Idaho in criminal cases where a defendant has been acquitted. The appellate jurisdiction of this Court, granted by Article 5, Section 9, of the Idaho Constitution, provides that, "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, . . ." The legislature, pursuant to its constitutional authority in Article 5, Section 13, to provide a proper system of

appeals, has established a policy that the State of Idaho may only appeal adverse rulings of district courts in criminal matters under those limited circumstances set out in Section 19–2804, Idaho Code. The plaintiff-appellant in this case acknowledges that the appeal in this case does not fit within any of those categories in which an appeal is allowed by Section 19–2804. However, appellant contends first that the notice of appeal may be treated as a writ of review as provided in Section 7–201, Idaho Code, or, in the alternative, that this Court can exercise its plenary appellate jurisdiction provided for in Article 5, Section 9, of the Constitution, regardless of the limitations set out in Section 19–2804, Idaho Code.

Regarding the first of those arguments, the notice of appeal was not a petition for a writ of review or certiorari, as provided for in Section 7–201, Idaho Code. However, even assuming that it could be so construed, that remedy is limited to those situations where the district court has acted in excess of its jurisdiction. I.C. § 7–202. Here there is no question but what the district court had jurisdiction to hear the case *de novo* on appeal from the municipal court. I.C. § 50–2417, [subsequently repealed by S.L.1969, Ch. 111, § 16, effective January 11, 1971], I.C. § 19–3937. *See* State v. Dawn, 41 Idaho 199, 239 P. 279 (1925). Regardless of the ultimate decision, the district court was not acting in excess of its jurisdiction, and therefore a writ of review will not lie. I.C. Section 7–202.

Regarding appellant's argument that this Court should exercise the plenary power to consider appeals granted by Article 5, Section 9, of the Constitution, regardless of the limitations in Section 19–2804, Idaho Code, we are not inclined to do so.

The appeal is dismissed.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.