549 P.2d 269

**STATE of Idaho, Plaintiff-Appellant,**

**v.**

**Clinton Lewis MADDOCK, Defendant-Respondent.**

**No. 12083.**

Supreme Court of Idaho.

April 27, 1976.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Boise, for plaintiff-appellant.

Hartwell H. K. Blake, Pocatello, for defendant-respondent.

PER CURIAM.

This is an attempted appeal by the state from an order of the district court granting defendant's motion to dismiss an information charging statutory rape.

This appeal is not within the purview of I.C. § 19–2804.[1] While this Court may exercise its plenary power to consider appeals granted by Article 5, Section 9, of the Idaho Constitution, regardless of the limitations of I.C. § 19–2804, *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975), we decline to do so. *State v. Berlin*, 95 Idaho 225, 506 P.2d 122 (1973).

The appeal is dismissed.

1. I.C. § 19–2804. "Appeal by the state.—An appeal may be taken by the state:

1. From a judgment for the defendant on a demurrer to the indictment or information.

2. From an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecution the use of evidence at trial if the prosecuting attorney and the attorney genreal certify to the judge who granted such motion that the appeal is taken in good faith, is not taken for the purpose of delay, and that the evidence suppressed constitutes a necessary portion of the state's case to prove the charge pending against the defendant. No such property or evidence shall be returned until the expiration of ten (10) days from and after the date on which the order was entered. An appeal by the state pursuant to this subsection shall stay the return of such property or evidence and shall constitute a bar to the prosecution of the case unless such order is reversed upon appeal. Appeals pursuant to this subsection shall be expedited by the Supreme Court and shall rereceive priority over all other criminal and civil appeals.

3. From an order granting a new trial.

4. From an order arresting judgment.

5. From an order made after judgment affecting the substantial rights of the prosecution.

6. From any ruling of the trial judge during the course of the trial on the receipt or rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."