563 P.2d 400

**The STATE of Idaho, Plaintiff-Appellant,**

**v.**

**Tomasa ZARATE and Frank Zarate, Defendants-Respondents.**

**No. 12165.**

Supreme Court of Idaho.

April 26, 1977.

Wayne L. Kidwell, Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for plaintiff-appellant.

Golden R. Bennett, Twin Falls (Bennett & Frachiseur, Twin Falls, law firm no longer in existence), for defendants-respondents.

## PER CURIAM:

The state of Idaho appeals from an order granting defendant respondents Tomasa and Frank Zarate's motion for judgment of acquittal of the crime of possession of heroin. The trial court ruled that notwithstanding the jury verdicts of guilty there was insufficient evidence to sustain their convictions because the prosecution had not established that the defendants were in possession of the heroin, nor had it established that a usable quantity of heroin was recovered.[1]

The State contends that it has a right to appeal from the trial court's ruling under I.C. § 19–2804(5).[2] We must decide whether the order appealed from is "an order made after judgment affecting the substantial rights of the prosecution."

Following the close of the prosecution's case, the defendants moved for a judgment of acquittal on the ground that there was insufficient evidence for a jury to find the defendants guilty of possession of heroin. The trial court denied the motion at that time and the jury subsequently returned verdicts of guilty. Prior to entry of judgment on the verdicts, the defendants again moved for judgment of acquittal on the ground that there was insufficient evidence to sustain the convictions. The trial court granted the motion.

█ The order of the district court granting defendants' motion for a judgment of acquittal, while it was post-verdict, was an order prior to entry of judgment and therefore does not fall within the provisions of I.C. § 19–2804(5). *Cf. McFarland v. Hunt*, 79 Idaho 262, 313 P.2d 1076 (1957); *State v. McNichols*, 62 Idaho 616, 115 P.2d 104 (1941); *State v. Ensign*, 38 Idaho 539, 223 P.2d 230 (1924). Therefore, the state cannot appeal as a matter of right under the statute. *State v. Holtry*, 98 Idaho 140, 559 P.2d 756 (1977); *State v. Blair*, 97 Idaho 646, 551 P.2d 601 (1976); *State v. Maddock*, 97 Idaho 610, 549 P.2d 269 (1976); *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975); *State v. Bruhn*, 96 Idaho 389, 529 P.2d 1261 (1974); *State v. Jennings*, 95 Idaho 724, 518 P.2d 1186 (1974); *State v. Berlin*, 95 Idaho

---

1. The evidence showed that the state had recovered certain drug paraphernalia (but no cache of drugs) in a search of the Zarate home. Among the items seized were two teaspoons and one or two brownish pieces of cotton cloth which were sitting in the bowls of the spoons. A state criminalist testified that he bathed the spoons and cotton in a solution and found 1–3 milligrams of heroin present.

2. "19–2804. *Appeal By The State.*—An appeal may be taken by the state:

"1. From a judgment for the defendant on a demurrer to the indictment or information.

"2. From an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecution the use of evidence at trial if the prosecuting attorney and the attorney general certify to the judge who granted such motion that the appeal is taken in good faith, is not taken for the purpose of delay, and that the evidence suppressed constitutes a necessary portion of the state's case to prove the charge pending against the defendant. No such property or evidence shall be returned until the expiration of ten (10) days from and after the date on which the order was entered. An appeal by the state pursuant to this subsection shall stay the return of such property or evidence and shall constitute a bar to the prosecution of the case unless such order is reversed upon appeal. Appeals pursuant to this subsection shall be expedited by the Supreme Court and shall receive priority over all other criminal and civil appeals.

"3. From an order granting a new trial.

"4. From an order arresting judgment.

"5. From an order made after judgment affecting the substantial rights of the prosecution.

"6. From any ruling of the trial judge during the course of the trial on the receipt or rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

**344**

225, 506 P.2d 122 (1973); *State v. Tinno*, 94 Idaho 759, 497 P.2d 1386 (1972).

█ We decline to review this appeal under the plenary power granted to this Court by Art. 5, § 9, of the Idaho Constitution, *see State v. Lewis, supra, State v. Berlin, supra,* and *State v. Tinno, supra.*

Appeal dismissed.