642 P.2d 61

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Michael Eugene DENNARD,
Defendant-Respondent.**

No. 13465.

Supreme Court of Idaho.

March 5, 1982.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Howard W. Carsman, Lance Churchill, Deputy Attys. Gen., Boise, for plaintiff-appellant.

Klaus Wiebe and David Nevin, Boise, for defendant-respondent.

BISTLINE, Justice.

Defendant-respondent, Michael Dennard, was charged with statutory rape in violation of I.C. § 18–6101(1). After trial, the jury returned a verdict of guilty. The jury foreman in delivering the verdict informed the Court of the jury's desire to be heard further. Granted permission, he stated:

> "Your Honor, Defendant, audience in the Court, we arrive at this decision based strictly on the law, as was our duty—sworn duty to do so, but we feel in this case, that there were extenuating circumstances that somewhat should be considered in the administer [sic] and the judgment of the law because we don't feel that this man, the Defendant, was guilty as a single party, by himself without extenuating circumstances. And we realize again, that by the law as stated, that is what we arrived the decision at, but that's the way that we felt unanimous; that there were extenuating circumstances that we did not have the opportunity to apply under the law."

At the sentencing which occurred some two months later, the Court, citing the statement made by the jury, and adding that the prosecutrix, though under 18 years of age, nevertheless had the attributes and appearance of a 25 year old, did not impose

judgment of conviction and sentence—but dismissed the case "in the interest of justice." The State appeals from this dismissal.

■ The State, giving no recognition to I.C. § 19–3504,[1] but recognizing that its appeal does not come within the literal language of I.A.R. Rule 11(c)(6), which provides that an appeal may be taken from "[a]ny order made after judgment affecting the substantial rights of the defendant or state," argues that Rule 11(c)(6) should be given a construction which will allow it an appeal when an action is dismissed subsequent to a guilty verdict but prior to entry of judgment.[2] Otherwise, the argument goes, the state will be without a remedy in spite of the fact that a prosecutor's successful prosecution has been nullified by a district court. The confrontation, so it is said, is between a prosecutor's discretion to prosecute and a district court's discretion to dismiss in the interests of justice.[3] These arguments do not persuade us to stretch the language of Rule 11(c)(6) beyond its plain meaning, especially when, as the State itself contends, a remedy may in our discretion be afforded.

■ Hence, as the state next argues, we could exercise our plenary power to review the decisions of lower courts granted us by article V, § 9 of the Idaho Constitution. The state, however, has not persuaded us that there are sufficiently compelling reasons for doing so in this case. There is nothing in this record or in historical Idaho jurisprudence which suggests that post guilty-verdict dismissals have been frequent or are likely to become frequent. Thus, this case does not present a recurring question, the resolution of which would be of substantial importance in the administration of justice in this state. *See Stockwell v. State,* 98 Idaho 797, 802, 573 P.2d 116, 121 (1977); *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975); *State v. Tinno,* 94 Idaho 759, 497 P.2d 1386 (1972).[4] Here we do not see the presence of extraordinary facts or circumstances such as would compel us to exercise our plenary powers despite the absence of benefit to judicial administration as a whole. We do not believe article V, § 9 was intended by the Framers of our Constitution to be lightly invoked; there must be some dismissals which this Court, in the interests of judicial economy, will not hear on appeal. We believe benefit to judicial administration results when trial judges know that this Court will not entertain an unappealable order simply because an appeal is attempted. This instant case falls

1. I.C. § 19–3504 provides:

> "Dismissal on motion of court or prosecuting attorney.—The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes.

2. At oral argument a question from one member of the Court raised the possibility that this appeal might have been pursued under I.A.R. Rule 11(c)(3), which provides for appeals from "[a]n order granting a motion to dismiss an information or complaint." The state, however, did not raise the applicability of I.A.R. Rule 11(c)(3) as an issue in its brief, did not set forth I.A.R. Rule 11(c)(3) as a jurisdictional basis for the appeal in its notice of appeal, *see* I.A.R. Rule 17(f), and did not accept the invitation to rely on that rule which was "offered" at oral argument. Neither party has briefed or argued the applicability of I.A.R. Rule 11(c)(3). It is not the role of this Court to act as assistant attorney general, and we do not address the applicability of the rule.

3. For over one hundred years now, since adoption of the Criminal Practice Act of 1864, the people of Idaho, acting through their legislators, territorial and then state, have held the view that a district court should have the powers vested in I.C. § 19–3504. Similarly, the prosecutor, who in Idaho is a judicial officer, has labored under no restraints in exercising his discretion to initiate a prosecution following a police officer's arrest. In all of these years the statutory scheme seems to have functioned reasonably well.

4. In *Lewis* the issue of appealability was considered in light of *statutory* provisions which at that time governed appeals. The appeal appears to have been entertained on the basis of the plenary power doctrine or on the basis of *Tinno,* where the appeal was dismissed, but in both of which cases opinions issued because of the benefit to, respectively, judicial administration and the public interest.

way short of reaching the importance of *Tinno* and *Lewis*. As stated by Justice Bakes in *State v. Berlin*, 95 Idaho 225, 227, 506 P.2d 122, 124, (1973), "we are not inclined" to exercise our plenary power in order to hear this appeal. For this Court to proceed to a decision on the merits in this case would require considerable time and effort—yet have little effect on the administration of justice in this state. Accordingly, the appeal is

*Dismissed.*

SHEPARD and McQUADE (retired), JJ., concur.

BAKES, Chief Justice, dissenting:

This appeal falls clearly within the provisions of I.A.R. 11(c)(3), permitting the appeal of "an order granting a motion to dismiss an information or complaint," and therefore this appeal should not be dismissed.

The majority declines to consider I.A.R. 11(c)(3) on this appeal because "[n]either party has briefed or argued the applicability of [that] rule," and "[t]he state ... did not accept [the court's] invitation to rely on that rule which was 'offered' at oral argument." While it is true that neither party briefed the applicability of I.A.R. 11(c)(3), the balance of the statements are incorrect in two respects. First, the state in its oral argument did indicate that I.A.R. 11(c)(3) could be a basis of appeal in this case if the court found it applicable. Second, the respondent did oppose the application of I.A.R. 11(c)(3) in this case with a substantial argument. The applicability of I.A.R. 11(c)(3) is therefore presented to this Court for review.

The majority further indicates in footnote 2 that the state did not set forth I.A.R. 11(c)(3) as a jurisdictional basis for the appeal in its notice of appeal under I.A.R. 17(f). However, I.A.R. 17(f) was not raised in the briefs or argued at oral argument,

and the facts of this case clearly reveal that the majority has not seriously reviewed that issue. Not only did the state fail to set forth I.A.R. 11(c)(3) as a jurisdictional basis for appeal in its notice of appeal, but it also failed to set forth *any* jurisdictional basis in the notice of appeal. If the majority were really choosing to review the applicability of I.A.R. 17(f) in this case, then the appeal should have been dismissed on the basis of I.A.R. 17(f) and not upon the other grounds espoused by the majority. Clearly, the Court is not basing its decision on the appellant's failure to comply with I.A.R. 17(f) in this case.

As to the merits of applying I.A.R. 11(c)(3) to this case, the district court dismissed the matter pursuant to I.C.R. 48 [1] for the reason that such dismissal was in the interest of justice. I.C.R. 48(a)(2) provides that "the court, on notice to all parties, may dismiss a criminal action upon its own motion ... [if] the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business." The respondent argued that I.A.R. 11(c)(3) only applies to the granting of a *motion* to dismiss, and that here there was no motion. However, I.C.R. 48(a) clearly provides that the court may dismiss on "its own motion." [2] Therefore, when the court dismissed *sua sponte*, there was a motion made, albeit the court's own motion, and I.A.R. 11(c)(3) is applicable.

Dismissal of an action is the same as dismissing the information. There was only one action or "matter" (as the district court termed it) before the court, and that was the charge contained in the information. The information was the "action" or "matter," and that was the only thing which the court could dismiss. Thus, I.A.R. 11(c)(3) is clearly applicable to this case in that it permits the appeal of "an order granting a motion to dismiss an information or complaint." I would hold that the dismissal appealed by the state was appealable as a

---

1. The trial court entered the dismissal specifically under I.C.R. 48, contrary to the majority's implication that it was entered pursuant to I.C. § 19–3504.

2. I.C. § 19–3504, which the majority applies in justifying the dismissal, also provides for dismissal on the court's "own motion."

matter of right under I.A.R. 11(c)(3) and would proceed to the merits of the state's appeal. However, I agree with the majority's conclusion that I.A.R. 11(c)(6) is not applicable to this appeal.

McFADDEN, J., concurs.