673 P.2d 433

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Robert MOLINELLI,
Defendant-Respondent.**

**No. 14363.**

Supreme Court of Idaho.

Dec. 14, 1983.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Clark Gasser and Steven V. Richert (argued), Pocatello, for defendant-respondent.

BISTLINE, Justice.

Following a preliminary hearing, the defendant-respondent, Robert Molinelli, was held to answer in district court on the charge of delivery of a controlled substance, marijuana, in violation of I.C. § 37–2732(a)(1)(B). An information so charging him was filed in district court. Pursuant to the provisions of I.C. § 19–815A, Molinelli moved the court to dismiss or in the alternative to reduce the charge to possession of a controlled substance, similar to the procedure invoked in *Carey v. State*, 91 Idaho 706, 429 P.2d 836 (1967), where a defendant on a petition for writ of habeas corpus challenged the sufficiency of the evidence taken at the preliminary hearing to sustain a first degree murder information, insofar as it alleged the element of premeditation. That issue was briefed by the parties and argued orally as well. Thereafter, the court entered an order reducing the charge from delivery—a felony—to possession of a controlled substance under three ounces, marijuana—a misdemeanor. The court denied a motion by the State to stay further proceedings and Molinelli entered a plea of guilty to the possession charge, with the court noting that an amended information would be filed later by the prosecuting attorney's office. The state filed another motion to stay further proceedings and a notice of appeal. The motion to stay was argued at the sentencing hearing on September 22, 1981, and the court entered an order denying it. Thereafter, the court entered an order withholding judgment, imposing certain terms and conditions for a one-year period of probation. In an order dated May 14, 1982, the court concluded that Molinelli had satisfactorily complied with the terms and conditions of his probation, and, therefore, Molinelli was discharged and the criminal action was dismissed.

The only appeal taken is from the order of September 22, 1981, which reduced the charge against Molinelli. Specifically, no appeal was taken from the order withholding judgment, which order was entered on October 23, some six days before the amended notice of appeal was filed.

A threshold issue is whether the district court's order is appealable to this Court. In its Notice of Appeal and Amended Notice of Appeal the State asserts a right to appeal pursuant to I.A.R. 11(c)(3) and (6). However, in its brief on appeal, the State concedes that "it is difficult to neatly categorize the action [taken by the district court] within one of the subsections of Rule 11, I.A.R." and thus, the State requests this Court "to exercise its plenary powers, or in the alternative, treat the appeal as a request for a writ of review." Appellant's Brief, p. 7. Although this Court has held

that an order withholding judgment is appealable, *State v. Wagenius,* 99 Idaho 273, 581 P.2d 319 (1978), the State offers no reason for not appealing that order and thereby bringing up for review interlocutory orders which preceded it, while at the same time speciously suggesting that "the acceptance of the guilty plea is in reality a judgment which should be appealable pursuant to Rule 11(c)(6)." The Court in *Wagenius* specifically noted that the guilty plea entered by Mrs. Wagenius was to a limited extent a judgment of conviction and hence appealable, even though sentence was not imposed. Hence, it is difficult to understand why the State chose to not appeal from an order which the Court has pronounced as being appealable in favor of purporting to appeal from a nonappealable order.

I.A.R. 11(c)(6) provides an appeal as a matter of right in criminal proceedings from "[a]ny order made after judgment affecting the substantial rights of the defendant or the state." However, as noted, the State concedes that the order in this case does not fall within the literal language of the rule. And, where the State did not avail itself of the right to appeal from the order withholding judgment, we will not bend the facts to hold that the appeal is proper under I.A.R. 11(c)(6). Recently in *State v. Dennard,* 102 Idaho 824, 642 P.2d 61 (1982), we refused to give the State a right of appeal where an action was dismissed by the district court after a guilty verdict had been returned but prior to the entry of judgment. We refused to extend the language of the rule beyond its plain meaning. Similarly, *State v. Zarate,* 98 Idaho 342, 563 P.2d 400 (1977), involved a judgment of acquittal entered on the ground that there was insufficient evidence to sustain the jury conviction. This Court there stated: "The order of the district court granting defendants' motion for a judgment of acquittal, while it was post-verdict, was an order prior to entry of judgment and therefore does not fall within the

provisions of I.C. § 19–2804(5). ... Therefore, the state cannot appeal as a matter of right under the statute." The statute there involved (since repealed) is virtually identical to the rule here involved.[1] Seeing no reason to depart from our decisions in *Dennard* and *Zarate,* we hold that the State does not have a right to appeal from the order of the district court under I.A.R. 11(c)(6).

I.A.R. 11(c)(3) provides an appeal as a matter of right in a criminal proceeding from "[a]n order granting a motion to dismiss an information or complaint." In this case, the district court did not grant Molinelli's motion to dismiss the information, but simply reduced the charge against him. The State argues that this reduction was "in the nature of the dismissal of the information as filed by the prosecuting attorney," and thus that "the court's action is appealable as a matter of right pursuant to Rule 11(c)(3), I.A.R." Appellant's Brief, pp. 7–8. We do not agree. The district court's order clearly does not fall within the literal language of the Rule, and applying the reasoning set forth in *Dennard, supra,* we decline to so construe the Rule simply to give the State a right of appeal under these circumstances. *See State v. Sanchez,* 610 P.2d 162 (Mont.1980) (holding that statutes granting the right to appeal to the state in criminal actions must be strictly construed and limited to the instances mentioned therein).

It is argued that although the applicable rules do not provide the State the right to appeal the order in question, this court, by virtue of article 5, § 9 of the Idaho Constitution should exercise its plenary power to hear this appeal regardless of its non-appealability. We decline to do so. *See, State v. Dennard, supra; State v. Zarate, supra; State v. Daugherty,* 98 Idaho 716, 571 P.2d 777 (1977); *State v. Maddock,* 97 Idaho 610, 549 P.2d 269 (1976). *See also, State v. Berlin,* 95 Idaho 225, 506 P.2d 122

---

1. I.C. § 19–2804 provided that "[a]n appeal may be taken by the state:

    . . . .

(5) From an order made after judgment affecting the substantial rights of the prosecution."

(1973). The State could have appealed after entry of the order withholding judgment, but did not do so.

Similarly, we decline to treat this appeal as a petition for a writ of review, I.C. § 7–201. *See* I.A.R. 43 ("Special writs shall issue only upon petitions verified by the party beneficially interested therein and upon briefs in support thereof...."). We note in passing that the order here in question was not entered ex parte; clearly, the court had jurisdiction to review the record made at the preliminary hearing and determine therefrom whether the evidence there submitted sustained the charge upon which the defendant was held to answer, and if not, upon some included offense. *Carey v. State, supra, People v. Orin,* 13 Cal.3d 937, 120 Cal.Rptr. 65, 533 P.2d 193 (1975). The sole issue which the State assigns in its attempted appeal is its claim that the trial judge acted in excess of his jurisdiction, and *not,* as in *Carey v. State, supra,* a claim that the trial court *erred* in its determination—vastly different propositions of law.

Appeal dismissed.

DONALDSON, C.J., and HUNTLEY, J., concur.

SHEPARD, J., dissents without opinion.

BAKES, J., dissents.