771 P.2d 514

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Timothy J. MESENBRINK, Defendant–Respondent.**

No. 17128.

Supreme Court of Idaho.

March 15, 1989.

Jim Jones, Atty. Gen., Boise, Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-appellant. Myrna A.I. Stahman argued.

J. Gardiner Hackney, Jr., Boise, for defendant-respondent.

SHEPARD, Chief Justice.

This is an appeal by the State from the trial judge's midtrial dismissal of a felony charge of driving a motor vehicle while under the influence of alcohol. The sole question presented is the quantum of proof necessary to establish that prior to the instant case a defendant has been validly convicted of two previous driving under the influence charges within the previous five years. *See* I.C. § 18–8005(3). The trial judge held that the prosecution had failed to present such necessary proof. We dismiss the State's appeal.

This case came on for trial before a jury, and after two days of trial defendant was convicted of the misdemeanor offense of driving under the influence of alcohol. Defendant was sentenced to thirty days in jail, a fine of $1,000.00, and his driving privileges were suspended for one year. No appeal has been taken by the defendant from that conviction or sentence.

The State, following the submission of evidence by the prosecution and defense on the DUI charge, then sought to introduce proof of two prior convictions of the same charge for the purpose of bringing the defendant's conduct within the purview of I.C. § 18–8005(3), which provides:

**18–8005(3).** Any person who pleads guilty to or is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), *shall be guilty of a felony.* (Emphasis added.)

In that phrase of the proceedings the State offered authenticated copies of two prior judgments of conviction of Mesenbrink for driving under the influence. The focus of this appeal is Mesenbrink's prior judgment of conviction in Canyon County. Mesenbrink asserts that such judgment of conviction in Canyon County does not demonstrate on its face that the defendant in that proceeding was informed of his rights to be represented by legal counsel, to confront witnesses, his rights against compelled self-incrimination, to understand the

charges against him, and to understand the consequences of a plea of guilty.

The district court in the instant case agreed with the contentions of Mesenbrink, and dismissed the felony charges.

It is clear that the State carries the burden to show a voluntary waiver of sixth amendment rights. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Idaho, *Boykin* has been interpreted to require that the court record affirmatively show that the guilty plea was understood and was voluntary. *See State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). There, the Court stated that a plea should not be accepted unless understood to be voluntary, and that the consequences of the plea are understood. "The trial court should specifically inform the defendant that by pleading guilty he waives his right to a jury trial, he waives his right against self-incrimination, and he waives any defense he may have had to the charges." In the absence of following the procedures enunciated in *Colyer*, guilty pleas have been set aside. *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978).

I.C.R. 11 (adopted in 1980), conditions the acceptance of all guilty pleas at the district court and magistrate levels upon the requirements delineated in subsection (c) thereof, *i.e.*, a defendant must be informed of his rights 1) to be represented by legal counsel, 2) to confront witnesses, 3) against compelled self-incrimination, 4) to understand the charges levied against him, and 5) to understand the consequences of the plea, including minimum and maximum punishments possible.

I.M.C.R. 5(f) (1980), mandates the use of a uniform citation form which contains a checklist of questions to be asked the defendant prior to a court entering judgment. The court is therein required to advise a defendant of constitutional and statutory rights, and the court must indicate such procedures have been followed if the defendant chooses to enter an uncounseled guilty plea.

■ The form of the judgment entered in defendant's previous Canyon County conviction of DUI fails to incorporate the information mandated by I.M.C.R. 5. In contrast, the previous judgment of conviction of DUI in Ada County, on its face contains such I.M.C.R. 5 checklist.

■ We note that the record contains no basis for any contention that the defendant was not convicted of DUI in the Canyon County procedures. There is no indication of any appeal from the Canyon County decision, nor any subsequent proceedings contending that the actions were improper. Nevertheless, we note the point of conflict between two doctrines. First, the desire for finality of judgments and the presumption of the legality and correctness of the procedures underlying those judgments. We note that the requirements are simple and not burdensome. In contrast, we note the constitutional requirement of a showing of guilt beyond a reasonable doubt. In this regard do we place an unreasonable burden upon the State to go behind the face of the judgment of conviction to show that the defendant was advised of his constitutional rights prior to the entry of that conviction? In the instant case we do not view such a burden as onerous, but merely a perfunctory indication on the face of the documents that compliance has been had with the provisions of I.C.R. 11 and I.M.C.R. 5(f). Hence, we view our decision in the instant case as placing no further or undue burden upon law enforcement officials, but rather as only requiring our *courts* to follow our mandated rules of procedure. Although we have addressed the assertions of the State in the instant case in the hope of providing future guidance to our courts, we are not convinced that the appeal by the State is well taken. As noted, the defendant was charged, a jury selected and seated, and proof introduced. It was only thereafter that the court, on motion, dismissed the felony charge. We decline to discuss the attachment of jeopardy precluding any retrial of the defendant.

The appeal is dismissed.

BISTLINE and HUNTLEY, JJ., concur.

JOHNSON, Justice, dissenting.

I dissent both from the dismissal of the appeal and from the guidance given by the majority concerning the prima facie proof of a prior conviction where questions are raised about the constitutional validity of the conviction.

## THE STATE WAS ENTITLED TO APPEAL THE TRIAL COURT'S RULING.

The majority dismisses the State's appeal on the ground that at the time the trial court dismissed the felony charge, the defendant had been charged, a jury selected and seated, and proof introduced. To complete the statement of the posture of this case, it should also be noted that at the time the trial court ruled that the felony charge would be dismissed, the jury had already returned a verdict finding the defendant guilty of driving under the influence. The only question that was before the trial court was whether the conviction would be for a felony or a misdemeanor. After rejecting the exhibit containing the record of the Canyon County conviction, the trial court stated:

> I think my ruling would have to be, then, that as to that portion of the information that charges the defendant with having been twice previously convicted within the past five years, that the State would be unable to present that to the jury as a factual issue. There would be no evidence to support taking it to the jury. So that portion of the information enhancing this from mere driving while intoxicated to driving while intoxicated as a felony would have to be dismissed, but that there is still a conviction for misdemeanor DUI.

The State invokes I.A.R. 11(c)(1) and (5) in support of its right to appeal the trial court's ruling. This rule provides:

> Rule 11. Appealable judgments and orders.—An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:
>
> . . . .
>
> (c) Criminal proceedings. From the following judgments and orders of the district court in a criminal action, whether or not the trial court retains jurisdiction:
>
> (1) Final judgments of conviction.
>
> . . . .
>
> (5) Any order, however denominated, reducing a charge of criminal conduct over the objection of the prosecutor.

I would hold that the State had the right to appeal the trial court's ruling under either I.A.R. 11(c)(1) or (5). By their plain meaning, these sections of the rule apply to the trial court's action in dismissing the felony charge and entering conviction of a misdemeanor charge. *Cf. State v. Dennard*, 102 Idaho 824, 825, 642 P.2d 61, 62 (1982); *State v. Molinelli*, 105 Idaho 833, 835, 673 P.2d 433, 435 (1983).

## THE STATE PROVED A PRIMA FACIE CASE OF A PRIOR CONVICTION.

The majority offers guidance to our courts as to the quantum of proof necessary to establish that a defendant in a felony DUI case has been validly convicted of two previous DUI charges. I disagree with the guidance that is given and note that it is dicta.

In rejecting the exhibit containing the record of the Canyon County conviction, the trial court ruled that the packet of court records submitted did not establish that:

A. The Defendant was represented by counsel or waived his right to counsel, including the right to court-appointed counsel if indigent;

B. The Defendant waived his right to trial by jury, his right against compulsory self-incrimination, and his right to confront witnesses against him.

The Judgment and/or Commitment that is the first page of the exhibit indicates that the defendant pleaded guilty to the charge of driving while under the influence. At the bottom of this document the following appears: "(x) Def/Atty (x) PA (x) Jail." There is no explanation in the document or in the record as to the significance of this information. It may well be that it indicates to whom copies of the

document were delivered. If so, does an inference arise that the defendant was represented by counsel?

Also included in the exhibit is a Statement of Defendant's Rights in DUI Cases. This statement includes the following:

2. You have the right to have an attorney represent you at all stages of these proceedings; if you are poor and unable to pay counsel you are entitled to a court-appointed attorney at public expense.

3. You have the right to a jury trial and to compel the attendance of witnesses on your behalf without expense to you.

4. You have the right to confront or ask questions of any witness who testifies against you. You cannot be compelled to testify and your silence will not be used against you.

5. You may enter a plea of guilty or not guilty at this time or request a continuance in order to consult your attorney as to the plea.

6. If you plead *NOT GUILTY*—the court will set a trial date.

7. If you plead *GUILTY*—the court will set a date for sentencing....

I acknowledge that I have read this statement and fully understand its contents.

This statement was signed by the defendant on February 27, 1984. This was 15 days before the defendant pleaded guilty and 23 days before the judgment and commitment was entered.

It is clear from this statement that the defendant was informed of (1) his right to be represented by counsel, including the right to court-appointed counsel, if he were indigent, (2) his right to trial by jury, (3) his right against compulsory self-incrimination, and (4) his right to confront witnesses against him. It is also clear that the defendant was informed that if he pled guilty there would be no trial, but only a sentencing. In my view, the exhibit offered by the State was admissible to establish a prima facie case that the defendant had been convicted of a prior DUI by his own plea of guilty, after having been correctly advised of the rights that he would be waiving if he pleaded guilty.

The majority cites I.C.R. 11(c) in support of the guidance it gives. The Court's opinion states that this rule requires that a defendant must be informed of his right to be represented by legal counsel. The rule does not contain this requirement, although this absence is of no moment, since the requirement is well established. The defendant in this case was so informed, as indicated by the statement he signed.

Of more significance, is the portion of the rule that states:

(c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

....

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, his right to trial by jury, and his right to confront witnesses against him.

I.C.R. 11(c)(3) (1984).

In my view, the statement that the defendant signed and the reasonable inferences from it show that the defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, his right to trial by jury, and his right to confront witnesses against him. This fulfilled the requirements of the rule.

The majority also states that I.M.C.R. 5(f) mandates the use of a uniform citation form which contains a checklist of questions to be asked the defendant prior to a court's entering judgment. Apparently, the opinion refers to that portion of the uniform citation form that is entitled "Judgment." This portion of the form states:

The defendant having been fully advised of his constitutional and statutory rights, including his right to be represented by counsel, and the defendant having:

[ ] Been advised of right to court appointed counsel if indigent.

[ ] Been represented by counsel

_____
(Name)

[ ] Waived counsel

[ ] Entered a plea of admission or guilty

The majority uses this rule as support for the conclusion that the trial court is required to advise a defendant of constitutional and statutory rights and must indicate that these procedures have been followed if the defendant chooses to enter an uncounseled guilty plea. I note that the other judgment of conviction that was offered by the State and admitted in this case was not on the form included in the uniform citation. This judgment of conviction was from Ada County and does not include the statement from the uniform citation form that the defendant has been fully advised of his constitutional and statutory rights, including his right to be represented by counsel. The Ada County form does include the following concerning a guilty plea:

> [  ] Defendant personally appearing
>   (  ) was represented by: _____;
>   (  ) waived the right to choice of counsel;
>   (  ) waived the right to trial by jury;
>   (  ) waived right to confront his accusers;
>   (  ) waived right against self-incrimination; and was advised of consequences of a guilty plea; whereupon said defendant entered a plea of guilty to said crime.

The fact that this is not precisely the form included in the uniform citation should not render its use ineffective. Likewise, the use of a separate statement of rights similar to that signed by the defendant in Canyon County should not be fatal.

The issue here is whether evidence of a conviction demonstrating that the defendant was advised of his rights before a plea of guilty and that those rights would be waived if a guilty plea were offered and accepted, is sufficient to establish a prima facie case for enhanced penalties based on the prior conviction. In my view it is. I am convinced that neither the decisions of this Court nor of the United States Supreme Court are to the contrary.

The majority cites *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976) in support of its position. In *Colyer* this Court held that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) "requires that the record, including reasonable inferences drawn therefrom, must affirmatively show that ... the defendant waived [the right to a jury trial, the right to confront accusers, and the right to refrain from self-incrimination]." 98 Idaho at 35, 557 P.2d at 629. In my view, the statement that the defendant signed and the reasonable inferences that can be drawn from it fulfilled the requirements of *Colyer*.

It is suggested by the defendant that *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) requires that if the State cannot show that both a waiver of the right to counsel and the waiver of other sixth amendment rights by a plea of guilty are clearly demonstrated by the record, the conviction may not be used to enhance punishment for another offense. I note that in *Burgett* there were the unusual circumstances that two different judgments from Tennessee were presented in evidence. One indicated that the defendant did not have counsel when he pleaded guilty. The other did not indicate whether he had counsel or not. The Supreme Court held:

> In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void.

389 U.S. at 114, 88 S.Ct. at 261–62.

I agree with the reading of *Burgett* of the Eighth Circuit in *Losieau v. Sigler*, 406 F.2d 795 (8th Cir.1969), *cert. den.* 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969):

> We are inclined to believe that *Burgett* must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented.

Id. at 803.

In *State v. Annino*, 46 Or.App. 743, 613 P.2d 84 (1980) the State offered in evidence

a citation showing that the defendant had pleaded guilty but not showing whether the defendant had assistance of counsel. After reviewing *Burgett, Losieau* and other federal cases, the court put the burden of proof of lack of representation on the defendant. The court concluded: "There having been offered no substantiating evidence that his constitutional rights were violated, the trial court properly concluded that the prior conviction was admissible." 613 P.2d at 86. For the same reason, I would reverse the trial court's rejection of the record of the Canyon County conviction in this case.

BAKES, J. concurs.