983 P.2d 831

STATE of Idaho, Plaintiff–Appellant,

v.

Edward YOUNG, Defendant–Respondent.

No. 24343.

Supreme Court of Idaho,
Pocatello, May 1999 Term.

July 28, 1999.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General; and Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Maguire & Kress, Pocatello, for respondent. Kent V. Reynolds argued.

WALTERS, Justice.

In this appeal, the state asks the Court to invoke its plenary power under Article 5, § 9 of the Idaho Constitution to review a district court order granting a defendant's pre-trial motions in limine in a criminal case. We dismiss the appeal.

Edward Young was charged with lewd conduct with his eleven-year-old step-daughter, that allegedly took place in Young's camping trailer on property he owns in Bear Lake County, Idaho. During the discovery process, the prosecutor informed Young's counsel that the state would present evidence at trial about Young's sexual conduct with his step-daughter that led to criminal charges in the State of Wyoming,[1] several other bathing incidents which also occurred in 1996, and several contacts between Young and his step-daughter in stores and at school that also took place after the instant charges were brought against Young. Young filed three separate motions in limine seeking to exclude this evidence which he asserted was not rele-

1. The criminal charge brought against Young stemmed from an incident involving Young rubbing lotion on the step-daughter's vaginal area. The case was resolved in March of 1997 through a deferred prosecution agreement in which Young agreed to be evaluated by a mental health care professional, to obtain counseling pursuant to the professional's recommendation, and to be placed on three years' unsupervised probation.

vant to the 1995 event which gave rise to the lewd conduct charge but was extremely prejudicial and inadmissible as character evidence. Young also sought to exclude the admission of all communications with and reports from the mental health professionals he had consulted in connection with the Wyoming case on the basis of confidentiality and privilege.

Following a hearing on the motions in limine, the district court issued its memorandum decision. The district court found that Young's contacts with his step-daughter at the stores and at school were incidental contacts having no bearing on the case.[2] The district court found that the lotion incident (the Wyoming charge) and the bathing incidents that had occurred were of a speculative nature, not relevant and not evidence of a common plan or scheme. The district court concluded that to admit evidence concerning those incidents would severely prejudice a jury against Young. As to the communications between Young and his therapist, the district court held that the communications were confidential and protected from disclosure under I.R.E. 519.[3] Finally, because the district court found that the psychological evaluation and report[4] had not been ordered by the court and were not related to the instant case, though relevant to some degree to the physical, mental or emotional condition of the minor victim, the court concluded that the exceptions to the psychotherapist/patient privilege did not apply to render them admissible in the lewd conduct case. The district court, therefore, granted Young's motions in limine precluding disclosure at trial of the aforementioned sexual misconduct evidence.

The state immediately filed a notice of appeal from the district court's order. The state seeks to challenge the interpretation of the rules of privilege underlying the district court's decision to exclude evidence that the state argued was admissible under the "child related communication" exception to the psychotherapist/patient privilege, found in I.R.E. 503(d)(4).

The notice of appeal filed by the state does not purport to appeal from a final judgment or order entered in the district court. The rulings from which the state seeks relief were decided pre-trial, and no verdict or judgment of conviction had been rendered. The state, therefore, could not as a matter of right appeal under the rules governing the appealability of orders in criminal proceedings. I.A.R. 11(c).[5] Asserting no basis in the appellate rules for the appeal, the state asks this Court to exercise its plenary power under Article 5, § 9 of the Idaho Constitution which provides that the Supreme Court "shall have jurisdiction to review, upon appeal, any decision of the district court."

■ The right of an aggrieved party to appeal from an order of the district court was traditionally defined by statute, *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972); *Miller v. Gooding Hwy. Dist.*, 54 Idaho 154, 30 P.2d 1074 (1934), until the adoption of the appellate rules by the Idaho Supreme Court on July 1, 1977. The appellate jurisdiction conferred upon the Supreme Court by Article 5, § 9, if not invoked to review a judgment or order not authorized by a statute, resulted in dismissal of the appeal. *See State v. Berlin*, 95 Idaho 225, 506 P.2d 122 (1973); *State v. Grady*, 31 Idaho 272, 170 P. 85 (1918); *State v. Ridenbaugh*, 5

---

2. The details of these contacts are not in the record, having been presented to the district court in a proceeding in chambers without the court reporter being present.

3. The state argued that the statements made by Young to his mental health care providers did not fit within the definition in Rule 519 of communications "made in connection with a proceeding for research, discipline, or medical study conducted by an in-hospital medical staff committee or medical society for the purpose of reducing the morbidity and mortality, or improving the standards of medical practice or health care in the State of Idaho."

4. This report is not part of the appellate record.

5. Although the state argued in its brief that it had permission to appeal under I.A.R. 12(a), the state did not seek permission to pursue an interlocutory appeal by motion to the Court. Permissive appeals under I.A.R. 12 were available only to defendants in criminal matters, however, until the rule was amended on July 1, 1998, after the date of the notice of appeal filed by the state in the present case.

Idaho 710, 51 P. 750 (1897). *See also State v. Tinno,* 94 Idaho 759, 497 P.2d 1386 (1972)(considering for the benefit of the state and the Native American tribes the issues of law which presented a recurring problem regarding hunting and fishing rights, notwithstanding dismissal of the appeal).

Historically, the plenary power of appellate review has been rarely exercised by the Court. In *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975), the Court invoked its plenary power to review an order of dismissal granted on the defendant's motion, despite the lack of a statutorily prescribed right authorizing the state to appeal to this Court. The stated purpose for exercising its plenary power was to clarify "important points in the construction of the kidnaping and rape statutes and to prevent further errors of the kind which led to criminal charges being improperly dismissed in that case." *Id.* at 746, 536 P.2d at 741. A similar rationale for invoking the Court's plenary power under Article 5, § 9 was expressed in *Stockwell v. State,* 98 Idaho 797, 573 P.2d 116 (1977):

> [W]e are presented with important questions concerning the construction of Idaho's Constitution and its criminal rules and statutes—questions which we note are of a recurring nature, *see Rufener v. Shaud,* 98 Idaho 823, 573 P.2d 142 (1977), and the resolution of which will be of practical importance in the administration of the criminal justice system of this state—which must be resolved to prevent future criminal proceedings from being improperly dismissed or reduced by erroneous rulings of the magistrate or district judge.

*Id.* at 802, 573 P.2d at 121.

In *State v. Dennard,* 102 Idaho 824, 642 P.2d 61 (1982), the state sought to appeal the jury's guilty verdict in a statutory rape case, asking this Court to exercise its plenary power under the state constitution rather than asserting a basis for the appeal that was within the statutes or rules. The Court declined to review the unappealable order, dismissing the appeal in the interests of judicial economy and in recognition of the little effect a decision on the merits would have on the administration of justice in Idaho. The Court explained: "Here we do not see the presence of extraordinary facts or circumstances such as would compel us to exercise our plenary powers despite the absence of benefit to judicial administration as a whole." *Id.* at 825, 642 P.2d at 62.

In our opinion, the instant appeal likewise does not contain the type of significant issue to warrant the exercise of plenary jurisdiction, which should be narrowly applied and limited to only very compelling cases. The district court's interpretation and application of the evidence rules regarding privilege, even if in error, do not justify entertaining the appeal from the pre-trial ruling on the motions in limine. Moreover, the interlocutory appeal from the district court order on the motions stayed the trial of the lewd conduct charges against Young, during which the pre-trial adverse evidentiary rulings against the state perhaps could have been reconsidered and rectified.

As previously noted by this Court, motions in limine seeking advance rulings on the admissibility of evidence are fraught with problems because they are necessarily based upon an alleged set of facts rather than the actual testimony which the trial court would have before it at trial in order to make its ruling. *State v. Hester,* 114 Idaho 688, 700, 760 P.2d 27, 39 (1988), *as cited in State v. Gilpin,* 132 Idaho 643, 649 n. 4, 977 P.2d 905, 911 n. 4 (Ct.App.1999). In this case, as is shown by the incomplete record on appeal, it may have been more prudent for the district court to defer its ruling until the case unfolded and there was a better record upon which to make a decision. *See Gilpin, supra.*

## CONCLUSION

We decline to invoke the plenary power conferred by the Idaho Constitution to review the order of the district court excluding the psychological and sexual history evaluation evidence which the state proposed to admit at trial. Based upon the interlocutory nature of the appeal and the existence of no extraordinary facts or circumstances in this case such as would compel the court to exercise its plenary power, we dismiss the appeal and allow the matter to proceed in the district court. *See Camp v. Jiminez,* 107 Idaho

878, 693 P.2d 1080 (Ct.App.1984) (holding that an appeal taken from a non-appealable order does not divest the lower court of continuing jurisdiction in the case).

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL, concur.