835 P.2d 1342

STATE of Idaho, Plaintiff–Respondent,

v.

James C. JENNINGS, Defendant–Appellant.

No. 19334.

Court of Appeals of Idaho.

July 15, 1992.

Petition for Review Denied Sept. 17, 1992.

Aherin & Rice, of Lewiston, for defendant-appellant. Anthony C. Anegon argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

SILAK, Judge.

James Jennings entered a conditional guilty plea to a felony charge of driving under the influence of alcohol. Jennings filed a motion to dismiss the felony charge and a motion in limine to exclude evidence of his prior convictions. Jennings contends that his two prior DUI convictions were invalid and therefore inadmissable for the purpose of enhancing the third DUI charge to a felony. After the district court denied Jennings' motions, Jennings pled guilty but reserved the right to appeal.

In regard to his first DUI conviction, Jennings argues that he entered the guilty plea without having effectively waived his right to retained counsel. He also argues that he did not knowingly and voluntarily enter his guilty plea. As to the second DUI conviction, Jennings was represented by counsel at the time he pled guilty, but claims that the court did not inform him of the rights he was waiving by pleading guilty or of the consequences of a second conviction on a DUI charge. Having reviewed both prior convictions, we conclude that, based on the totality of the circumstances, both prior convictions are based on constitutionally valid guilty pleas. Consequently, both prior convictions are admissible for the purpose of enhancing the third charge to a felony.

## I. 1987 DUI CONVICTION

Jennings was first charged with driving while intoxicated in December, 1986.[1] The arraignment hearing on this charge was held on January 6, 1987. At the hearing, the magistrate addressed all the defendants present and explained to them their rights and the general procedures:

> For those people appearing on [misdemeanor] citations, first of all I'm going to need to advise you of your rights on those charges and explain to you a little bit about the procedures here in court before we'll actually start processing the citations [sic].
>
> You have a right to engage counsel. You have a right to hire a lawyer and have that lawyer speak for you and represent you in all stages of these proceedings and a right to a reasonable continuance granted by the court for the purpose of hiring a lawyer.
>
> You have a right to a trial and depending on what you're charged with that would be either a six man jury trial or a court trial in front of a judge alone.
>
> Now, at that trial you'd have the right to testify or not to testify on your own behalf and if you choose not to testify as a defendant it cannot be used against you in any way that you didn't testify.
>
> You have a right to cross examine the witnesses the state would call concerning what they testified to against you and the right to have the clerks of the court back out here at the window issue to you subpoenas to be served upon your witnesses, make them appear and testify on your behalf.
>
> You then, of course, have the further right to appeal any decisions of any of these courts or juries to higher courts in this state.
>
> . . . .
>
> Now, if you plead guilty this morning you'd then be able to tell the court any-

thing about the incident on your own behalf before any sentence can be pronounced against you.

> A plea of guilty this morning or a conviction at a court or jury trial is entered as a record of conviction. It does become part of your permanent record. So in effect by entering a plea of guilty this morning you will be giving up all of the rights and procedures I've explained to you except for your right to appeal your sentence to a higher court in this state.

After the magistrate addressed the defendants as a group, he proceeded to each individual case. When Jennings was arraigned, the magistrate noted that this was Jennings' first DUI charge and told Jennings that he would not be sentenced to spend time in jail. The magistrate also advised Jennings that a DUI conviction could be used to enhance the charge and the potential penalty for any subsequent DUI conviction within five years.[2]

The magistrate then advised Jennings that he had the right to a court-appointed attorney if he wanted to fill out an application to have a public defender represent him. Jennings waived his right to have a court-appointed attorney. The magistrate then advised Jennings that he could represent himself or hire an attorney to represent him. Jennings indicated that he understood his rights, the procedures involved, and the possible penalties as well as the potential enhanced penalties for future convictions. Jennings then entered a plea of guilty. The judgment of conviction was entered on January 14, 1987. Jennings did not appeal from the judgment or the sentence.

■ Though Jennings did not appeal from the judgment, he has the right to collaterally attack the judgment when the state attempts to use the prior misdemean-

---

1. Second Judicial District, Nez Perce County, Case No. 61778.

2. The court stated:
   This is what's called an enhancement charge, Mr. Jennings and what that means is every time anybody gets a DWI the possible penal-ties double, second offense in here is two thousand dollars, a year and a year. Third offense in here is five thousand dollars, five years and five years and that's why I asked you about your driving record so I can tell you what category you fall in.

or conviction to impose an increased term of imprisonment on a subsequent charge. *See generally Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); *United States v. Brady,* 928 F.2d 844 (9th Cir.1991). On appeal from his conviction for felony DUI, Jennings challenges the use of his first DUI conviction to enhance the third charge to a felony. He claims that he did not waive his right to retained counsel and that he did not knowingly and voluntarily enter his guilty plea. When determining whether a defendant has waived a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *State v. Hoffman,* 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct.App.1989).

■ In this case, the magistrate addressed all the defendants who were present at the arraignment hearing as a group and advised them that they had the right to be represented by retained counsel. The magistrate also advised the group that the court would grant a continuance to a defendant who wished to retain counsel. The magistrate later addressed Jennings individually and inquired whether Jennings wished to apply for court-appointed counsel. Jennings declined. The magistrate then reminded Jennings that he had the right to represent himself or to hire an attorney. Jennings indicated that he understood.[3]

There is no question that Jennings waived his right to court-appointed counsel; however, Jennings attempts to distinguish between the waiver of the right to court-appointed counsel and the right to retained counsel. We will not sustain a collateral attack on the conviction simply because the magistrate did not ask Jennings if he waived his right to both court-appointed counsel *and* retained counsel. Looking at the facts as a whole, Jennings knew that he had the right to be represented by counsel and that he could have a continuance in order to hire counsel; moreover, Jennings has never claimed that he wanted to be represented by private counsel. Based on the facts in the record, we conclude that Jennings waived his right to retained counsel.

■ We turn then to the question whether Jennings knowingly and intelligently entered his guilty plea on the first DUI charge. A plea of guilty cannot stand unless the record of the entire proceedings on appeal indicates that the plea was entered voluntarily, knowingly and intelligently. *State v. Carrasco,* 117 Idaho at 300, 787 P.2d at 286 (1990) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Idaho law requires that on appeal voluntariness of the guilty plea and waiver be reasonably inferred from the record as a whole. *Carrasco,* 117 Idaho at 300, 787 P.2d at 286 (citing *State v. Peterson,* 98 Idaho 706, 571 P.2d 767 (1977)). In Idaho, it is well settled that the trial court is not specifically required to follow any prescribed litany or to enumerate rights which a defendant waives by pleading guilty, so long as the record as a whole, and all reasonable inferences drawn therefrom, affirmatively show that the plea was made voluntarily, knowingly and intelligently. *Carrasco,* 117 Idaho at 300, 787 P.2d at 786 (citing *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976)).

In this case, the magistrate explained Jennings' rights to him at the beginning of the arraignment hearing when he addressed the group of defendants as a whole. Jennings has made no claim that he was not present at the beginning of the arraignment hearing or that he did not comprehend that the magistrate's statements applied to him as an individual. As our Supreme Court noted in *Carrasco,* there is nothing in our rules or in the Constitution that requires a complete con-

---

3. The following dialogue took place:
THE COURT: Do you give up your right to have a public defender then, Mr. Jennings.
A: Yes, sir.
THE COURT: Thank you. I'll note that waiver of court appointed counsel where I wrote no jail time. You can represent yourself or hire an attorney, whatever you'd like to do then. You don't have to have an attorney to represent you. I will not appoint one based on the fact you haven't asked me to do so. Okay?
A: A hum.

temporaneous advisement or reminder of a defendant's constitutional rights at a plea hearing, if those rights have been previously explained, to validate a guilty plea. *Carrasco*, 117 Idaho at 300–301, 787 P.2d at 286–287 (citing *State v. Carrasco*, 114 Idaho 348, 757 P.2d 211 (Ct.App.1988)). Here, Jennings had been advised of the rights he would be waiving at the beginning of the arraignment hearing. When he entered his plea later in the hearing, the magistrate was not required to re-advise Jennings of those rights before accepting his guilty plea. Jennings asks us to ignore the magistrate's comments at the beginning of the hearing, which we decline to do. Based on our review of the record as a whole, we conclude that Jennings entered his plea knowingly, voluntarily, and intelligently.

## II. 1988 DUI CONVICTION

On March 5, 1988, Jennings was again arrested for driving under the influence of alcohol.[4] At the arraignment hearing, which was held on March 7, 1988, the magistrate addressed all the defendants as a group. The magistrate explained that each defendant had the right to retain a lawyer, the right to a reasonable continuance for the purpose of hiring a lawyer, the right to a trial, the right to testify or not to testify, the right to cross examine the witnesses who testified against them, the right to subpoena witnesses to testify on their behalf, and the right to appeal from the judgment of the court. The magistrate then explained the consequences of pleading guilty.

When Jennings was arraigned, the magistrate inquired whether Jennings wanted to apply for a court-appointed attorney. Jennings advised the court that he had already hired his own attorney and waived his right to have a public defender appointed to represent him. Jennings indicated that he wished to contact his attorney and entered a plea of not guilty.

On March 22, 1988, Jennings appeared before the court again in order to change his plea. Pursuant to a plea bargain, Jennings agreed to plead guilty to the charge of driving under the influence in exchange for the prosecutor's agreement to drop two other charges and to recommend that any jail term be limited to ten days and be served in the summer because Jennings wanted to finish his semester at school and because he was the sole support for his daughter. The court inquired whether Jennings understood that by entering a plea of guilty he was giving up all his rights including a right to trial. Jennings indicated that he understood and entered a plea of guilty. The judgment of conviction was entered on April 13, 1988. Jennings did not appeal from the judgment or the sentence.

On appeal from the current conviction for felony DUI, Jennings contends that he did not enter his guilty plea on his second DUI charge knowingly, voluntarily, and intelligently. We apply the same analysis here that we applied to his first guilty plea. The record indicates that the magistrate addressed the defendants as a group at the beginning of the arraignment hearing and advised them of their rights. At a later hearing, after having negotiated a plea bargain through retained counsel, Jennings changed his plea. As we noted above, the magistrate was not required to remind Jennings of his rights in order to validate the guilty plea. Looking at the record as a whole, including the magistrate's statements at the beginning of the arraignment hearing, it is evident that Jennings was advised of the constitutional rights he would be waiving if he pled guilty. For this reason, we decline to invalidate the use of the second DUI conviction for the purpose of enhancing Jennings' third DUI charge to a felony.

The order of the district court denying Jennings' motion to dismiss, or in the alternative, his motion in limine to exclude the prior two DUI convictions, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

4. Second Judicial District, Nez Perce County, Case No. 64986.