876 P.2d 605

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eldon McCONNELL, Defendant–Appellant.**

**No. 20380.**

Court of Appeals of Idaho.

June 20, 1994.

Randall D. Schulthies, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Eldon McConnell appeals from the district court's denial of his motion to dismiss a felony charge of driving under the influence

(DUI). *See* I.C. §§ 18–8004 and 18–8005(5). McConnell entered a conditional guilty plea to the charge under I.C.R. 11(a)(2), reserving his right to appeal the court's determination that his previous DUI convictions could be used to enhance the current charge from a misdemeanor to a felony. We affirm.

McConnell was charged with felony DUI in January, 1992, and throughout the proceedings was represented by counsel. He had previously been convicted of DUI twice within the preceding five years—in February, 1989, and December, 1989. He pled guilty to both of those charges, but was represented by counsel only at the proceedings leading to his conviction in February, 1989. His motion to dismiss was based on the assertion that his guilty plea entered *pro se* on December 18, 1989, in the magistrate division was invalid because the record did not show that he voluntarily waived his right to counsel. After reviewing the record and transcripts from the magistrate division and hearing oral arguments, the district court concluded that McConnell's waiver and his plea were entered voluntarily, knowingly and intelligently, and denied the motion. McConnell then entered his conditional guilty plea and the court imposed sentence, which was suspended. McConnell was place on probation for five years, and the court stayed execution of the sentence pending this appeal.

McConnell's motion challenged the validity of his misdemeanor guilty plea entered on December 18, 1989. Idaho Criminal Rule 11(c) "applies to the acceptance of misdemeanor pleas of guilty," and provides that before such pleas are accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show the voluntariness of the plea. I.C.R. 11(c)(1); *State v. Maxey*, 125 Idaho 505, 509–10, 873 P.2d 150, 154–55 (1994). The motion, however, challenged the guilty plea only by disputing McConnell's waiver of his right to counsel. Our analysis focuses on that waiver.

■ On December 18, 1989, McConnell was facing a possible conviction and imprisonment for a misdemeanor which also could be used for a later felony enhancement. Therefore, he had a statutory right to court-appointed counsel if he was indigent. M.C.R. 6(c); *State v. Maxey*, 125 Idaho 505, 507–08, 873 P.2d 150, 152–53 (1994). He also had a right to private or court-appointed counsel based on Article I, Section 13 of the Idaho Constitution and the Sixth Amendment to the United States Constitution. According to *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994):

> The standard to be applied in determining whether there has been a valid waiver of the right to counsel is whether there has been a "knowing and intelligent relinquishment or abandonment of a known right or privilege" and such determination rests on the facts of each individual case. *State v. Ruth*, 102 Idaho 638, 642, 637 P.2d 415, 419 (1981) (citations omitted). The State carries the burden of showing a voluntary waiver of Sixth Amendment rights. *State v. Mesenbrink*, 115 Idaho 850, 851, 771 P.2d 514, 515 (1989) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 [23 L.Ed.2d 274] (1969)). In Idaho, *Boykin* has been interpreted to require that the court record affirmatively show that the waiver was understood and was voluntary. *Id.*

*Hunnel*, 125 Idaho at 625–26, 873 P.2d at 879–80.

■ When determining on appeal whether a defendant has waived a constitutional right, we accept the lower court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct.App.1989).[1]

---

1. The parties argue whether McConnell's waiver was "voluntary, knowing and intelligent." The documents McConnell completed when performing the waiver use this language; so does the district court in its Memorandum Decision and Order denying McConnell's motion, citing *State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 286 (1990). Application of *Carrasco* to this case appears to be erroneous, however, because the Supreme Court has distinguished between the requirements for accepting guilty pleas in felony cases such as *Carrasco* and the requirements for misdemeanor cases, such as the one at hand. *Carrasco*, 117 Idaho at 297–98 n. 1, 787 P.2d at 283–84 n. 1; *See State v. Maxey*, 125 Idaho 505, 509, 873 P.2d 150, 154 (1994); *State v. Goerig,*

None of the transcripts of the proceedings which culminated in the entry of McConnell's guilty plea before the magistrate to his second misdemeanor DUI offense on December 18, 1989, have been submitted to this Court on appeal.[2] Only the transcript of the motion to dismiss before the district court has been made part of the record. Under these circumstances, error will not be presumed from an incomplete record, *State v. Wolfe,* 99 Idaho 382, 390, 582 P.2d 728, 736 (1978); *State v. Hanslovan,* 116 Idaho 266, 269, 775 P.2d 158, 161 (Ct.App.1989); and, because we are faced with an incomplete record, the missing transcript must be deemed to support the action of the trial court. *Hoffman v. State,* 125 Idaho 188, 191, 868 P.2d 516, 519 (Ct.App.1994); *Kugler v. Drown,* 119 Idaho 687, 809 P.2d 1166 (Ct.App.1991).

 The record on appeal does contain the Uniform Citation completed on November 15, 1989, the Judgment of Conviction filed on December 18, 1989, and the Confirmation of Plea and Waiver of Counsel also filed on December 18, 1989. The Uniform Citation indicates that McConnell had been advised of his right to counsel and was waiving that right and entering a plea of guilty. The Confirmation of Plea and Waiver of Counsel states that he was informed of the nature of the DUI charge, the possible penalties, and that he had a right to counsel which he indicated he was voluntarily waiving. McConnell signed this document, along with the Judgment of Conviction. He does not, however, address any of these documents on appeal. Instead, he focuses solely on a discussion he had with the magistrate about waiving his right to counsel. Because the transcript of the discussion was not made part of the appellate record, we base our review upon the partial transcript excerpted by the district court in its memorandum decision denying McConnell's motion. The discussion reads as follows:

COURT: I want you also to know that you have the right to have an attorney with you and you don't have one with you today. You also have a constitutional right to represent yourself, if you wish to do so. But I need to make sure if you decide that's what you want, that you understand what's happening to you. And that's why we are going through this. I want you to understand, also, that if you cannot afford an attorney, I would be happy to appoint one for you to assist you, even at sentencing. Do you want to have such an attorney or do you want to go ahead and represent yourself?

McCONNELL: I don't know. I would like to have and attorney, but—

COURT: If you want an attorney, then let's get you down—if you are indigent, and see if we can get you—get you one to assist you, if you feel it's going to help you.

McCONNELL: I would like to have an attorney, but I don't feel it's going to help me, so I will represent myself.

COURT: Okay, if you want an attorney, I would be happy to appoint one. If you—if you want to go ahead and represent yourself, you are welcome to do that, too. I don't want to feel like you're forced—forcing yourself one way or the other. If you want one, that's fine. If you don't want one and you want to go ahead, that's fine too.

McCONNELL: Sir, I am—I am guilty of these charges so I am just going to go ahead and represent myself and stay with the plea of guilty.

COURT: All right, do you feel like there's anyone forcing you to give up your right to an attorney?

McCONNELL: No.

121 Idaho 108, 113, 822 P.2d 1005, 1010 (Ct. App.1991). *But see State v. Jennings,* 122 Idaho 531, 533, 835 P.2d 1342, 1344 (Ct.App.1992).

**2.** McConnell's Notice of Appeal requested that the "entire reporter's transcript be prepared." That transcript included only the felony proceedings before the district court. Shortly after filing his appellate brief, McConnell moved to augment the appellate record to include the transcripts of the misdemeanor proceedings which culminated in the entry of his guilty plea and conviction on December 18, 1989. We denied that motion *without prejudice* because it did not comport with I.A.R. 30, that is, it was not accompanied with a copy of the transcript sought to be augmented. The motion was not then refiled by McConnell.

COURT: You feel like when you entered your plea downstairs, had anyone forced you to do that?

McCONNELL: No.

COURT: Did you do so voluntarily?

McCONNELL: Yes, I did.

COURT: Do you feel you understand what the charges were?

McCONNELL: Yes, I did.

COURT: And do you understand them now?

McCONNELL: Yes, I do.

COURT: Do you wish to confirm to this Court your plea of guilty, both to the second offense D.U.I. and to the harassing use of a telephone?

McCONNELL: Yes, I do.

COURT: Do you have any questions about those charges or that plea?

McCONNELL: No, I don't, sir.

COURT: All right, do you wish then to proceed with sentencing, without having me appoint you an attorney?

McCONNELL: Yes, sir, I do.

COURT: Is there any questions [sic] that you have about the thing now that we have gone through with it?

McCONNELL: No, I don't, sir.

COURT: Let the record show that I do find at this time Mr. McConnell has made a voluntary, intelligent and knowing waiver of his right to an attorney and will represent himself on these charges. I also find he has made a voluntary, intelligent and knowing plea of guilty, both to the second offense D.U.I. and also of the use of a telephone in a harassing manner and I do accept both of those pleas and confirmations of pleas.

When denying McConnell's motion, the district court stated that it had reviewed the entire transcript of the proceedings. The court found that even though the magistrate's advice to McConnell was not in "textbook form," and the statement—"if you feel it's going to help you"—was not a proper comment nor a correct statement of the law, McConnell was made aware that the magistrate would appoint counsel for him if he desired and that McConnell chose not to have counsel represent him but elected to proceed *pro se.* The court concluded that McConnell made a knowing, voluntary and intelligent waiver of counsel.

We are unable to review the entire transcript as did the district court. However, we agree with the court's conclusion that McConnell's waiver of his right to counsel was voluntary, knowing and intelligent, as was the entry of his plea. He was informed of his rights, and he recognized the aid an attorney might have given him. As our Supreme Court has stated, in Idaho a trial court need not follow any prescribed litany to determine whether a waiver is valid. *Hunnel,* 125 Idaho at 626, 873 P.2d at 880. This was not McConnell's first encounter with the criminal justice system. He had pled guilty to DUI once before, with the aid of counsel. The Confirmation of Plea and Waiver of Counsel he completed and signed indicates that in December, 1989, McConnell was twenty-five years old and had a twelfth grade education. The record indicates that he understood the court's comments and questions and did not have trouble communicating. He was given repeated opportunities to request counsel, but admitted his guilt and expressed his desire to move forward on his own.

Based on the foregoing, we affirm the district court's order denying McConnell's motion to dismiss.

LANSING and PERRY, JJ., concur.