**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50982**

| | | |
|---|---|---|
| ERIC SPROTT, | ) | |
| | ) | **Filed:  September 23, 2024** |
| Plaintiff-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| WILLIAM ERNEST SIMMONS, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn Norton and Hon. Deborah A. Bail, District Judges.

Judgments dismissing claim of conversion and breach of contract, <u>affirmed</u>.

Points Law, PLLC; Michelle R. Points, Boise, for appellant.  Michelle R. Points argued.

Cozakos & Centeno, PLLC; Shelly H. Cozakos, Boise, for respondent.  Shelly H. Cozakos argued.

---

TRIBE, Judge

Eric Sprott appeals from the district court's judgments dismissing his claims of conversion and breach of contract.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case centers around the ownership of an excavator used in the operations of Atlanta Gold Corporation's (AGC) Pilot Water Treatment Facility.  Eric Sprott is a shareholder in Atlanta Gold, Inc. (AGI), which is the parent company of AGC.  William Ernest Simmons was the chief executive officer (CEO) and president of AGC between 2013 and 2017.  Sprott mailed Simmons a cashier's check, made payable to Simmons in the amount of $275,000.  This cashier's check was deposited into AGC's bank account and used to purchase an excavator.  AGC used the excavator

1

in its business operations.[1]  Simmons signed a promissory note[2] stating that he would "pay on demand" to Sprott the sum of $275,000 and that interest on the "daily outstanding principal balance" would "accrue daily and be calculated and payable quarterly in arrears on the last business day of each and every quarter" at the rate of 6 percent with the "first such payment to be made on September 30, 2013." On the same day the Sprott/Simmons note was drafted and signed, Simmons drafted a second promissory note payable on demand with the principal and 7 percent interest with Simmons as the lender and AGC as the borrower.[3]  Also on the same day, AGI executed a third promissory note signed by the president and CEO, William Baird, identifying Sprott as the lender and AGC as the borrower.[4]  Each promissory note provided that the lender had a security interest in the excavator.

After his retirement, Simmons filed a complaint in Ada County[5] against AGC and AGI to collect years of deferred salary.  That case was settled with a deferred salary settlement agreement and included a secured promissory note signed by AGC to pay Simmons $393,283.15 plus interest of 6.25 percent per annum over five years.  Simmons recorded a UCC-1[6] financing statement based on the AGC/Simmons note.

Simmons again filed a complaint, this time in Elmore County, against AGI and AGC for breach of the settlement agreement and to recover interest on the AGC/Simmons note.  Sprott

---

[1]     At the court trial in the instant litigation, Sprott seems to suggest that the $275,000 was meant to be a loan to Simmons.  However, all of the evidence from the Elmore County case, specifically the testimony from Sprott, suggests that Sprott loaned the money to AGC to purchase an excavator for business purposes.

[2]     The district court in the instant litigation referred to this note as the Sprott/Simmons note.

[3]     In the instant litigation, the Ada County district court referred to this note as Note C.  In the previous litigation, the Elmore County district court referred to this note as Note 2.

[4]     The district court in the instant litigation referred to this note as the AGC/Sprott note.

[5]     Ada County Case No. CV01-17-21493.

[6]     Uniform Commercial Code-1 financing statements publicly record an interest in collateral and give the listed creditor priority interest over the listed collateral.

moved the district court to intervene in the lawsuit, which the district court granted. Sprott claimed he held the superior security interest in the excavator and claimed he was the true creditor. Sprott introduced evidence of a fourth promissory note between him, AGC and AGI, with a provision that the three previous promissory notes were extinguished. Sprott moved for summary judgment and signed a declaration stating that he "never loaned any monies to Ernie Simmons personally. Although the cashier's check I requested for funds to pay for the excavator was made out to Ernie Simmons, it was never intended to be a loan to Mr. Simmons, but a loan to AGC to purchase the excavator." The district court denied Sprott's motion for summary judgment citing the three original promissory notes.[7] The district court entered judgment in favor of Simmons as a judgment-creditor against AGI and AGC on the salary settlement agreement and the interest on the note between Simmons and AGC.[8]

Simmons removed the excavator from the water treatment facility and took possession of it. Sprott then filed a complaint in Ada County against Simmons for conversion, breach of contract, fraudulent misrepresentation and injunctive relief, all of which were dismissed save breach of contract, on the grounds of res judicata. Sprott also moved for a temporary restraining order and preliminary injunction, which were denied. Sprott filed an amended complaint, which mirrored the first, but also claimed he was entitled to recover $275,000. Simmons moved for summary judgment, which was granted by the district court, except for the breach of contract claim.

Prior to the court trial, Sprott filed a motion in limine seeking to preclude certain evidence based on what Sprott characterizes as judicial admissions made by Simmons in the Elmore County case. Judge Norton granted the motion excluding evidence of any agreements subsequent to the first promissory note between Sprott and Simmons. Simmons filed a motion for reconsideration. Judge Bail presided as senior judge in place of Judge Norton for the trial. On the day of trial,

---

[7] The district court in its denial of the summary judgment motion noted that the parties, "argue there was essentially one loan, but dispute which of the Notes properly memorializes the loan."

[8] The district court's summary judgment order on the claim of conversion also noted that the district court in the Elmore County case ruled that "Simmons was entitled to an award on Note C/2 and to recovery of the listed collateral."

Judge Bail allowed Simmons to present an offer of proof in support of the motion. Following the trial, the district court entered a written order modifying the prior order in limine, thereby allowing the evidence of the remaining promissory notes to be introduced. The district court found that res judicata barred recovery on the remaining claim of breach of contract and dismissed the claim with prejudice. Sprott appeals.

## II.

## ANALYSIS

Sprott presents several issues on appeal. First, he argues that Judge Norton erred in dismissing his claim of conversion under res judicata on summary judgment. Second, he argues that Judge Bail, abused her discretion in amending Judge Norton's order granting the motion in limine based on Simmons' offer of proof. Third, he argues that Judge Bail abused her discretion in dismissing his breach of contract claim and dismissing the litigation with prejudice based on Simmons' offer of proof. Both parties request attorney fees on appeal.

### A.        Conversion--Res Judicata

Sprott argues that Judge Norton erred in dismissing his claim of conversion based on res judicata because the issue of ownership of the excavator was never decided. Sprott asserts that the Elmore County district court's judgment only addressed superior security interests but failed to decide ownership. He further argues that the issue of ownership of the excavator could not have been brought in the Elmore County litigation because all the facts that constitute the issue of conversion occurred after the judgment in the Elmore County case. Simmons argues that any transfer of ownership from AGC to Sprott after the Elmore County judgment was a fraudulent transfer. The district court in the instant litigation found that the issue of the priority of interests in the excavator was raised in the Elmore County litigation and that Simmons held the superior interest and was entitled to recover the excavator. Therefore, the district court found that litigating the issue of ownership for the purposes of conversion was barred by res judicata.

As an initial matter, this Court need not reach the merits of Sprott's conversion claim because he has failed to cite authority supporting his argument. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. Idaho Appellate Rule 35. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). While Sprott provides

4

conclusory statements that the Elmore County case and current litigations pertain to different issues, Sprott provides an unparticularized argument. Sprott's argument that this litigation pertains to ownership rather than a security interest falls short of explaining how the judgment in the Elmore County case did not resolve what Judge Bail described as which promissory notes were the "real deal" and establish which party was entitled to claim the excavator as collateral. Sprott's briefing is void of legal propositions, cited authority or a particularized argument on the issue of res judicata, and therefore results in a waiver of the argument on appeal.

However, even if we were to decide this issue on the merits, Sprott's claim that conversion is not barred by res judicata fails. Simmons asserts the claim of conversion was barred by res judicata because it was already decided in the Elmore County litigation by the judgment in favor of Simmons having the superior security interest over the collateral.

The doctrine of res judicata covers both claim preclusion and issue preclusion. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Claim preclusion bars a subsequent action between the same parties upon the same claim or upon claims "relating to the same cause of action . . . which might have been made." *Id.* Claim preclusion also bars adjudication of "every matter which might and should have been litigated in the first suit." *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993) (internal quotations and citations omitted). In other words, when a valid, final judgment is rendered in a proceeding, it "extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990). The "transactional concept of a claim is broad" and preclusion "may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories." *Magic Valley Radiology, P.A.,* 123 Idaho at 437, 849 P.2d at 110.

"Generally, conversion is defined as a distinct act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with [his] rights therein." *Peasley Transfer & Storage Co. v. Smith*, 132 Idaho 732, 743, 979 P.2d 605, 616 (1999). "In other words, conversion is a dealing by a person with chattels not belonging to him, in a manner inconsistent with the rights of the owner." *Carver v. Ketchum*, 53 Idaho 595, 601, 26 P.2d 139, 141 (1933). "This definition can be broken down into three elements which are required for a claim of conversion to be valid: (1) that the charged party wrongfully gained dominion of property; (2) that

5

property is owned or possessed by plaintiff at the time of possession; and (3) the property in question is personal property." *Taylor v. McNichols*, 149 Idaho 826, 846, 243 P.3d 642, 662 (2010).

The district court in the instant litigation found that Sprott raised a claim of his priority interest in the Elmore County litigation but ultimately Simmons was entitled to "recovery of the listed collateral," and therefore the claim of conversion was barred by res judicata. The first element of conversion requires the charged party to wrongfully gain dominion over the property. The Elmore County judgment assigning Simmons the superior security interest, with a right to recover and possess the excavator, gave Simmons the legal right to recover the collateral; therefore, his dominion of the excavator could not be wrongful. As a result, Sprott's conversion claim fails.

As to the issue of res judicata, when considering the three elements of conversion, this Court fails to see an element that remained unresolved after the Elmore County judgment. The issue of security interest was actually raised in the Elmore County case, there was a final judgment in favor of Simmons, the parties are the same, and the issue of rightful possession of personal property had already been decided by the Elmore County judgment. Sprott failed to argue that any elements of res judicata were not met, failed to include an analysis of which element of conversion was not settled from the Elmore County judgment, and failed to cite authority in support of his argument. Therefore, the district court did not err in finding the claim of conversion was barred by res judicata.

**B.      Breach of Contract**

Sprott argues that the district court abused its discretion when Judge Bail granted Simmons' motion for reconsideration of Judge Norton's order granting a motion in limine. Sprott also argues that the district court abused its discretion in using the evidence presented during the offer of proof to dismiss his claim of breach of contract.

**1.      Order in limine**

Sprott argues that the evidence admitted during the offer of proof should not have been considered in any other context except for the court ruling on its admissibility. However, Sprott fails to cite relevant authority required to support his argument. While Sprott cites to Idaho Rule of Evidence 103, this rule does not stand for the proposition that evidence admitted during an offer of proof cannot be considered in other contexts. Instead, this rule governs a trial court's ruling on

6

the admissibility or exclusion of evidence during an evidentiary hearing. More importantly, on appeal, it is not sufficient simply to show error; a party alleging error must also show that the error affected the party's substantial rights. *Reed v. Reed*, 160 Idaho 772, 775, 379 P.3d 1042, 1045 (2016). Indeed, Idaho Rule of Civil Procedure 61 provides that, "at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. "A right is substantial if it could affect the outcome of litigation." *Bromund v. Bromund*, 167 Idaho 925, 932, 477 P.3d 979, 986 (2020). "[B]ecause an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated." *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012). Failure to provide both authority and argument are fatal to a claim on appeal. I.A.R. 35; *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Sprott fails to point to authority and fails to provide argument as to how any alleged error affected his substantial rights. In his reply brief, Sprott asserts that the order "clearly" affected his substantial rights; however, we will not consider an issue not supported by argument or authority in the opening brief. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). Even when asserting that his substantial rights were affected, Sprott fails to provide citation to the substantial rights he alleges to be affected. As such, Sprott has waived this argument on appeal.

Even if we reviewed this issue on the merits, Sprott has still failed to show that the district court abused its discretion. Sprott filed a motion in limine for the remaining claim of breach of contract and whether Simmons owed Sprott money damages pursuant to a promissory note. A motion in limine seeks an advance ruling on the admissibility of evidence. *State v. Young*, 133 Idaho 177, 120, 983 P.2d 831, 833 (1999). Sprott's motion in limine asked the district court to

7

rule that Simmons judicially admitted[9] certain facts and to exclude others.[10]  The district court granted the motion in limine, precluding Simmons from challenging the validity and enforceability of the promissory note.  Simmons was also barred from introducing any subsequent agreements between the parties, AGC and AGI.  At trial, Simmons moved for reconsideration; Sprott objected.  Judge Bail allowed Simmons to present evidence on the offer of proof but did not rule on the motion to reconsider or the objection thereto at that time.  Thereafter, Judge Bail issued a written decision and an amended order in limine.  Therein, Judge Bail noted that the motion to reconsider the order on the previous motion in limine was taken up before the evidence was presented at trial.  Judge Bail wrote, "The Court allowed Simmons to present his evidence at trial on his defenses by

---

[9]  The district court's original decision granting the motion in limine noted that Simmons objected to the use of a motion in limine to determine judicial admissions rather than ruling on the exclusion of evidence.  The district court found that a motion in limine is an appropriate avenue for determining a statement has been judicially admitted.  The attorney for Sprott argued at oral argument that the district court erred by finding certain statements from the Elmore County litigation as judicially admitted.  When asked whether this was included as an issue in appellant's opening brief, the attorney seems to suggest that the argument is encompassed in the argument relating to the order in limine.  However, Idaho Appellate Rule 35(a)(4) requires a "list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail."  Sprott did not list this issue in his issue statement or address the argument anywhere in the opening brief.  Therefore, that issue is not before this Court and will not be discussed for its merits.

[10]  In Sprott's motion in limine he asserted that the following facts should be judicially admitted, and he should be relieved of the burden to prove:
> 1. On June 28, 2013, Sprott made out a check to Simmons for $275,000.
> 2. Simmons signed the Sprott Note, evidencing that Sprott loaned Simmons $275,000, which interest accrues at the rate of 6%.
> 3. The Sprott Note also provides that Simmons granted Sprott a security interest in the 2007 Caterpillar 330DL excavator (the "excavator") in lieu of failing to make a payment on the loan pursuant to the terms of the Sprott Note.

Further, Sprott sought certain evidence to be excluded on the grounds that it is irrelevant.
> The purported loan Mr. Simmons made to [AGI] and AGC are not relevant to the remaining claim for trial in this case, and Mr. Simmons has judicially admitted that Mr. Sprott was not aware of Mr. Simmons subsequent actions pertaining to said loan.  Therefore, any evidence of anything beyond and/or after Mr. Simmons executing the Sprott Note or Mr. Simmons' transactions and/or interactions with Atlanta Gold, Inc. and/or Atlanta Gold Corporation related to any purported loan after his execution of the Sprott Note, should be excluded.

way of an offer of proof over the objection of Sprott. The objection is overruled for the reasons stated in this Order and the Order in Limine is modified as set forth herein." The amended order found that the statements made by the parties in the Elmore County litigation and presented in the instant litigation were necessary for consideration of Simmons' defenses because part of Simmons' defenses were that the promissory note was made void by subsequent agreements. That same day, Judge Bail entered her findings of fact and conclusions of law regarding the trial. In the findings, the district court wrote, "All exhibits offered as [Simmons'] Offer of Proof were admitted. The following are the Court's Findings of Fact and Conclusions of Law based upon the evidence submitted at this trial and this Court's assessment of that evidence."

Sprott argues that the exhibits and evidence Simmons presented during his offer of proof to support his motion for reconsideration were improperly admitted as "trial exhibits" and were considered "outside of Simmons' offer of proof" in error.[11] Sprott argues that the admission of evidence was an abuse of discretion contrary to I.R.E. 103. Idaho Rule of Evidence 103 reads, in part:

> (a)     Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>      (1)     if the ruling admits evidence, a party, on the record:
>           (A)     timely objects or moves to strike; and
>           (B)     states the specific ground, unless it was apparent from the context; or
>      (2)     if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

Simmons maintains that the district court acted within its discretion when it considered the evidence presented by Simmons at trial. In reply, Sprott argues that the "evidence proffered in

_____

[11]     We note that in Sprott's opening brief, one of the issues presented on appeal is "Whether the District Court (Judge Bail) abused its discretion in amending Judge Norton's Order Granting Motion in Limine based on Simmons' offer of proof." That same language is used in the Argument section, as the header for subsection 2. However, the substantive argument does not address the district court's grant of the motion to reconsider the motion in limine. Instead, the substance of the argument addresses how the district court applied the evidence adduced during the offer of proof, which is a different issue. Moreover, Sprott fails to identify which prong of the relevant standard of review was not followed by the district court. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Consequently, we decline to address whether the district court erred in granting the motion to reconsider the motion in limine.

Simmons' offer of proof clearly affected Sprott's rights" because the ultimate decision "was not based on admitted evidence at trial, and as such, Sprott had no opportunity to challenge said 'evidence', through witness testimony, additional exhibits or otherwise." This argument fails.

Judge Bail explicitly held that the evidence was admitted at trial through an offer of proof. Sprott alleges only a generalized claim that the district court abused its discretion in considering the evidence submitted during the offer of proof as substantive, which is insufficient to establish error on appeal. *Bach v Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Sprott similarly fails to provide relevant argument regarding any allegation of error related to the relevant standard of review, which constitutes a waiver of the issue on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Sprott also fails to provide authority for his assertion that evidence presented in an offer of proof is not to be considered in any other context, even after the evidence is admitted or when it holds that a trial court errs when it considers admitted exhibits, in ruling on a case.

Second, contrary to Sprott's assertion that he had no opportunity to challenge the exhibits, he had an opportunity to challenge the exhibits through cross-examination of Simmons but declined to do so. Sprott's attorney questioned Sprott, which also provided an opportunity to challenge the exhibits.[12]

### 2. Dismissed claim

Finally, Sprott argues that the district court abused its discretion when it dismissed his breach of contract claim based on evidence admitted during Simmons' offer of proof. Again, Sprott fails to cite to any authority or make a cogent argument, and therefore this claim is also waived. I.A.R. 35; *Powell*, 130 Idaho at 128, 937 P.2d at 440. Sprott makes a conclusory statement that "there was no evidence presented at the trial of the case, outside the Simmons' offer of proof, that established Simmons no longer owed Sprott" and "[i]t was an abuse of discretion for the District Court to dismiss Sprott's cause of action for breach of contract based on evidence admitted only on Simmons' offer of proof."

The district court decided in its findings of fact and conclusions of law that "this case should have been resolved in Elmore County. The issues raised at this trial were always present

---

[12] Simmons' attorney called Sprott as a witness. After direct-examination, Sprott's attorney questioned Sprott on cross-examination.

in the Elmore County case." Sprott's only argument on appeal is that there was no evidence presented at trial that the claim of breach of contract was barred by res judicata, except the evidence admitted at the motion in limine hearing. Sprott fails to explain why the district court could not consider the evidence admitted as part of the offer of proof at trial in deciding the case. As held above, Sprott has failed to establish any error by the district court in considering the evidence offered as part of the motion to reconsider the motion in limine. As such, that evidence was properly before the district court for consideration. We decline to adopt Sprott's suggestion that res judicata could only be properly found if additional evidence was admitted, or the existing evidence was admitted differently. Therefore, Sprott has failed to meet his burden of showing the claim of breach of contract was dismissed in error.

## C.     Attorney Fees and Costs on Appeal

Sprott requests attorney fees on appeal pursuant to Idaho Code § 12-120(3). Because Sprott is not the prevailing party, he is not entitled to attorney fees or costs.

Simmons also requests attorney fees on appeal pursuant to I.C. § 12-120(3). I.C. § 12-120(3) allows the court to set attorney fees when "any civil action to recover on . . . [a] note . . . or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law." The litigation concerned a series of promissory notes for purchasing and utilizing equipment in the course of business. The parties agree that this appeal is from a civil action to recover on a commercial transaction. Because Simmons is the prevailing party and there is no dispute that this is a civil action to recover on a commercial transaction, Simmons is awarded attorney fees and costs on appeal.

## III.

## CONCLUSION

We need not consider Sprott's claims that are unsupported by either citation to authority or cogent argument. Even if we did review the claims for their merits, Sprott has still failed to meet his burden to show that the district court abused its discretion. Sprott is not entitled to attorney fees and costs on appeal because he is not the prevailing party. The district court's judgments dismissing his claims of conversion and breach of contract are affirmed, and Simmons is awarded attorney fees and costs on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

11